IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN GRIFFIN FELICIANO AKA CARLOS MARTINEZ AKA CHOLIZ,<br><br>Defendant. | CRIMINAL NO.  05-396 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Juan Griffin Feliciano was charged in a two (2) counts Indictment and he agreed to plead guilty to Count Two.  Count Two charges that, on or about October 29, 2005, in the District of Puerto Rico and within the jurisdiction of this Court, defendant knowingly and intentionally concealed more than Ten Thousand dollars ($10,000.00), that is Twenty Five Thousand Two Hundred Fifty Six dollars ($25,256.00) in United States currency, as defined by Title 31, United States Code, § 5312(a)(3)(A), on his person, a conveyance, article of luggage, and other container, while attempting to travel from the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, a place within the United States, to the Dominican Republic, a place outside the United States, with the intent to evade a currency reporting requirement under Title 31, United States Code, § 5316(a)(1)(A).  All in violation of Title 31, United States Code, § 5332(a)(1) and (b)(1).

Defendant appeared before this Magistrate Judge on February 23, 2006, since the Rule 11 hearing was referred by the court.  Defendant was provided with a Waiver of Right to Trial

<u>United States of America v. Juan Griffin Feliciano</u>
Criminal No. 05-396 (JAG)
Report and Recommendation
Page No. 2

by Jury in each case, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count Two, he was examined and verified as being correct that: he had consulted with his counsel, Edgar Vega-Pabón, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Vega-Pabón, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty (Count Two) as follows: a term of imprisonment of not more than five (5) years, a term of supervised release of not more than one (1) year and a

fine of two hundred fifty thousand dollars ($250,000.00). Defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count Two, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appears on page three (3) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Defendant's Base Offense Level of Six (6), pursuant to U.S.S.G. § 2S1.3(a)(2), will be increased by two (2) levels for a specific offense characteristic pursuant to U.S.S.G. § 2S1.3(b)(1)(B) because the offense involved bulk cash smuggling. Defendant's Base Offense Level will be reduced by two (2) levels for acceptance of responsibility, pursuant to

U.S.S.G. § 3E1.1(a), for a Total Offense Level of Six (6), with a sentencing range of zero (0) to six (6) months of imprisonment at a Criminal History Category of I.

As indicated in paragraph eight (8) of the Agreement, the parties will recommend that defendant be sentenced to time served. At the time of sentencing, the government will move the Court to dismiss Count One of the Indictment.

Pursuant to paragraph nine (9) of the Agreement, defendant agrees to forfeit to the United States and to relinquish all rights, title and interest he may have in the total amount of U.S. currency ($25,256.00) in connection with the offense for which defendant is charged.

As indicated in paragraph fifteen (15) of the Agreement, defendant is an alien to the United States and he acknowledges that pleading guilty and entering into this plea may have a negative impact upon his immigration status within the United States.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the

government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Stipulation of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that

United States of America v. Juan Griffin Feliciano
Criminal No. 05-396 (JAG)
Report and Recommendation
Page No. 7

they be allowed to correct or object to any information contained in said report which was not accurate.[2] Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Defendant was read in open court the Indictment, and was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Two was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Two of the Indictment in Criminal No. 05–396 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Two of the Indictment in Criminal No. 05-396 (JAG).

---

[2] Defense counsel requested the pre-sentence report be expedited.

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph sixteen (16) a waiver of appeal.

<u>United States of America v. Juan Griffin Feliciano</u>
Criminal No. 05-396 (JAG)
Report and Recommendation
Page No. 8

### IT IS SO RECOMMENDED.

The sentencing hearing will be promptly set before Honorable Jay García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 14th day of March of 2006.

>s/ CAMILLE L. VELEZ-RIVE
>CAMILLE L. VELEZ-RIVE
>UNITED STATES MAGISTRATE JUDGE